UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEROY MOORE,

Plaintiff,

v.

Sergeant FUGELBURG, C/O JOHN DOE, Unit Manager ARDNT, Deputy Warden GOODRICH, and Warden O'DELL,

Defendants.

CIVIL NO. 02-416 (DWF/JMM)

REPORT AND RECOMMENDATION

Plaintiff has filed a Complaint alleging that Defendants violated his federal constitutional rights during his confinement at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to three of the Defendants named in his Complaint -- Unit Manager Ardnt, Deputy Warden Goodrich, and Warden O'Dell. It will therefore be recommended that the action be summarily dismissed as to those three Defendants.

## I. BACKGROUND

Plaintiff alleges in his Complaint that one of the named Defendants, a correctional official identified as Sergeant Fugelburg, attacked him and physically assaulted

[1] Plaintiff did not tender the required filing fee with his Complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated February 28, 2002, (Docket No. 3), the Court advised Plaintiff that this action could not go forward unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 4), and the matter is therefore ripe for initial screening pursuant to § 1915A.

APR 0 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

him. It is alleged that Fugelburg approached Plaintiff from behind and struck him in the back of the head, causing his head to hit a wall. Plaintiff allegedly suffered "intense pain" in his head and the left side of his neck. He now claims that Defendant Fugelburg violated his Eighth Amendment rights by "maliciously and sadisticly" using physical force against him.

Plaintiff is also attempting to sue three other correctional officials at PCF. He claims that his Eighth Amendment rights were violated by Unit Manager Ardnt, because Ardnt allegedly failed to "tak[e] action to curb the incident" involving Defendant Fugelburg. Deputy Warden Goodrich is being sued because he allegedly failed to "provid[e] a safe environment that provides inmates to be safe from cruel and unusual punishment." Warden O'Dell is being sued because he allegedly failed to respond to Plaintiff's administrative grievance pertaining to the incident involving Defendant Fugelburg.

Plaintiff is seeking compensatory and punitive damages from all of the named Defendants. He is also asking for a declaratory judgment holding that Defendants violated his constitutional rights.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from individuals who presumably should be treated as governmental agents for purposes of this lawsuit,[2] his pleading must be screened pursuant to 28 U.S.C. § 1915A, which is part of the Prison

---

[2] Parties cannot be sued under the federal civil rights laws unless they are considered to be "state actors." See West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, the plaintiff must allege that the defendant violated his constitutional rights while acting under color of state law). Therefore, although Plaintiff's Complaint may not expressly allege that Defendants are governmental entities or employees, his civil rights claims are predicated on the expectation that they will be treated as governmental agents for purposes of this lawsuit, (even though PCF is a privately operated prison).

Litigation Reform Act of 1995. Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against such Defendants "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

In the instant case, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted as to Defendants Ardnt, Goodrich and O'Dell. It will therefore be recommended that this action be dismissed as to those three Defendants pursuant to § 1915A(b).[3]

To state a cause of action under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege historical facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v.

---

[3] Even if § 1915A were not applicable here, Plaintiff's Complaint would still be subject to sua sponte dismissal pursuant to 42 U.S.C. § 1997e(c)(1), which provides that

> "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D.Minn. 1997) (same). Thus, in order to state a Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

It also should be noted that a prison official cannot be held vicariously liable in a federal civil rights action on the ground that one of his or her subordinates allegedly violated the plaintiff's constitutional rights. The doctrine of respondeat superior simply does not apply in federal civil rights cases. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, Defendants Ardnt, Goodrich and O'Dell cannot be held vicariously liable for any unconstitutional misconduct by Defendant Fugelburg; they can be liable only if they personally violated Plaintiff's constitutional rights.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A] prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety.'" Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996), quoting Farmer 511 U.S. at 837. This means that "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Prater, 89 F.3d at 541, quoting Farmer, 511 at 837. Thus, to state an Eighth

Amendment cause of action against a prison official for allegedly ignoring an excessive risk to a prisoner's heath or safety, the prisoner's complaint must allege facts showing that the official actually knew about a specific risk of serious harm to the prisoner and deliberately disregarded that known danger.

In this case, Plaintiff has failed to plead an actionable Eighth Amendment claim against Defendants Ardnt, Goodrich or O'Dell, because he has not alleged any specific facts showing that any of them had any reason to believe that Defendant Fugelburg posed a substantial risk of serious harm to Plaintiff's health or safety. Plaintiff broadly alleges that he told Defendant Ardnt that he "was having problems with the staff on C and D pods," (Complaint, [Docket No. 1], p. (5)), but that general allegation is clearly inadequate. There are no allegations suggesting that Plaintiff was having any particular problem with Defendant Fugelburg, and there are no allegations indicating that Plaintiff's general "problems with staff on C and D pods" constituted a genuine danger of actual physical harm. Plaintiff's Eighth Amendment claims against Defendants Goodrich and O'Dell are even more attenuated. The Complaint does not include even the slightest suggestion that either of those Defendants had any reason to suspect that Defendant Fugelburg posed a substantial threat to Plaintiff's physical safety. Therefore, Plaintiff's Complaint fails to state a cognizable Eighth Amendment claim against Defendants Ardnt, Goodrich or O'Dell.

Plaintiff also seems to be claiming that Defendant O'Dell somehow violated his federal constitutional rights by merely failing to acknowledge or respond to his formal grievance regarding the Fugelburg incident. That claim is clearly inadequate, because a prison inmate is not constitutionally entitled to a response from the warden whenever he files an administrative grievance about a prison condition. Buckley v. Barlow, 997 F.2d

494, 495 (8th Cir. 1993) ("defendants' failure to process any of [a prisoner's] grievances, without more, is not actionable under section 1983").

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted as to Defendants Ardnt, Goodrich and O'Dell. It is therefore recommended that the action be dismissed as to those three Defendants pursuant to 28 U.S.C. § 1915A(b)(1). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the sole remaining Defendant, Sergeant Fugelburg. Plaintiff should be allowed to pursue his claims against that one remaining Defendant at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Unit Manager Ardnt, Deputy Warden Goodrich and Warden O'Dell be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against Defendant Sergeant Fugelburg be allowed to proceed at this time, without prejudice to any defenses that Defendant Fugelburg may later seek to raise.

Dated: April 2, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before April 17, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.