UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LEROY MOORE, CIVIL NO. 02-416 (DWF/JMM)

Plaintiff,

v. ORDER

Sergeant FUGELBURG, C/O JOHN DOE, Unit Manager ARDNT, Deputy Warden GOODRICH, and Warden O'DELL,

Defendants.

Plaintiff has filed a Complaint seeking relief for alleged violations of his federal constitutional rights, which purportedly occurred during the course of his imprisonment at the Prairie Correctional Facility in Appleton, Minnesota. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to three of the named Defendants, (Unit Manager Ardnt, Deputy Warden Goodrich and Warden O'Dell), and that Plaintiff be allowed to prosecute his claims against the one remaining named Defendant, Sergeant Fugelburg. The matter is now before the Court for consideration of Plaintiff's application for leave to proceed in forma pauperis, ("IFP").[1] (Docket No. 2.)

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be excused from pre-

---

[1] By order dated February 28, 2002, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has recently paid his initial partial filing fee, (Docket No. 4), so it is now appropriate to consider whether he should be allowed to prosecute his claims as an IFP litigant.

APR 02 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $141.73), in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the remaining Defendant, Sergeant Fugelburg, served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against Defendant Sergeant Fugelburg. (See 28 U.S.C. § 1915A.) If service of process is effected upon Defendant Fugelburg, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the Summons and Complaint, so that Defendant will be apprised of his obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $141.73 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of

Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a Summons in this matter, and the U.S. Marshal shall effect service of process on the one remaining Defendant in this action, Sergeant Fugelburg, by serving a copy of this Order together with the Summons and Plaintiff's Complaint; and

4. If service of process is effected on Defendant Sergeant Fugelburg, he shall file a response to Plaintiff's Complaint within the time permitted by the Rules of this Court.

Dated: April 2, 2002

JOHN M. MASON
United States Magistrate Judge