UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Leroy Moore,

Plaintiff,

vs.

Sergeant Fugleberg,

Defendant.

Civil No. 02-416 (JNE/FLN)

**REPORT AND RECOMMENDATION**

---

Leroy Moore, *pro se*.
Sarah Crippen Madison for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motions for: (1) Summary Judgment [#15]; (2) Entry of Default Judgment Against Defendant [#20]; (3) Dismiss Defendant's Answer to Plaintiff's Complaint [#23].

**I. BACKGROUND**

Plaintiff, Leroy Moore, a prisoner at the Prairie Correctional Facility, filed a Complaint for violation of his Civil Rights under 42 U.S.C. §1983, February 2, 2002. Initially, the cause of action filed by Plaintiff included three other prison officials as Defendants. However, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, all defendants except for Sergeant Fugleberg were dismissed from the case on April 2, 2002, by Order of the Honorable Magistrate Judge John M. Mason. The Summons and Complaint issued to Sergeant Fugleberg on April 11, 2002, were the original documents which did not indicate that he was the only remaining defendant. Sergeant Fugleberg never received any other paperwork in conjunction with this case that would have made



MAY 13 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

him aware that the other defendants were dismissed from the case. Sergeant Fugleberg mistakenly believed that the attorneys for the prison and the other defendants would handle the case on his behalf, hence his Answer was filed November 13, 2002, after the procedural deadlines. Plaintiff filed a Motion for Default Judgment on October 30, 2002, and after the Answer was submitted, a Motion to Dismiss the Defendant's Answer was filed.

## II. STANDARD OF REVIEW

A court should afford a *pro se* litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). *Pro se* plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss, that is, "the complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Default judgment is appropriate where the party against whom the judgment is sought has engaged in "willful violations of court rules, contumacious conduct, or intentional delays." See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir.1996). However, "default judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'" Id. Under Fed.R.Civ.P. 60(b)(1), a district court may grant relief from a default judgment because of "mistake, inadvertence, surprise, or excusable neglect." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 394 (1993). The Court must not focus

narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. Instead, the court should take account of "all relevant circumstances surrounding the party's omission" Id. at 395. The Court is required to engage in a careful balancing of multiple considerations, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

## III. DISCUSSION

### A. Summary Judgment, Dismissal or Default Judgment is Inappropriate at this Time.

Plaintiff contends that summary judgment should be granted as a matter of law because following Defendant's acceptance of the Summons and Complaint he signed a return acknowledging his receipt of the Complaint but took no further steps to defend this case. Plaintiff asserts that failure to answer is equivalent to an admission of the allegations asserted in the Complaint. Secondly, Plaintiff contends that Default Judgment or Dismissal should be entered in his favor due to Defendant's initial failure to answer and subsequently, Defendant's untimely Answer.

Here, the Court concludes that the Defendant's explanation for his failure to provide a timely Answer is adequate and satisfactory without prejudice to the Plaintiff. There was not a willful violation of court rules by Sergeant Fugleberg. An Answer was provided by Sergeant Fugleberg as soon as the deficiency was realized. Defendant's Answer does not concede that all of the facts presented by Plaintiff are true and indeed, Sergeant Fugleberg denies many of the Plaintiffs' allegations. As such, the Answer is sufficient to deny Plaintiff's factual averments and survive summary judgment. Genuine issues of material fact preclude a judgment of liability on the non-

moving parties part at this point in the litigation. This Court recommends that summary judgment, dismissal, or default judgment based on Defendant's untimely Answer be denied as moot.

## III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motions for:

1. Summary Judgment [#15] should be **DENIED as Moot**;
2. Entry of Default Judgment Against Defendants [#20] should be **DENIED as Moot**;
3. Dismiss Defendant's Answer to Plaintiff's Complaint [#23] should be **DENIED**.

Dated: May 12, 2003

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1 (c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.