UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Leroy Moore,

Plaintiff,

vs.

Sergeant Fugleberg,

Defendant.

Civil No. 02-416 (JNE/FLN)

**REPORT AND RECOMMENDATION**

---

Leroy Moore, *pro se*.
Sarah Crippen Madison for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment [#27]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court will recommend that Defendant's motion be granted because Plaintiff has not exhausted all administrative remedies as required by 42 U.S.C. § 1983. In any event, the undisputed facts in the record establish that the conduct of which Plaintiff complains does not amount to an Eighth Amendment violation.

## I. BACKGROUND

Plaintiff, Leroy Moore, a prisoner at the Prairie Correctional Facility ("PCF"), filed a Complaint for violation of his Civil Rights under 42 U.S.C. §1983, February 2, 2002. Plaintiff alleged that on or about December 21, 2001, Defendant Sergeant Fugleberg struck him on the back



FILED AUG 08 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the head, causing him to hit his head on the wall.[1] Plaintiff claims Defendant Fugleberg violated his Eighth Amendment rights by maliciously and sadistically using physical force against him. Defendant claims that correctional officers requested Plaintiff several times to remove his hat while in the hallway and the food service area. Plaintiff did not comply and caused a disruption, which in turn caused Defendant to call a "Code Red".[2] Plaintiff was sent to segregation. After Plaintiff was released from segregation that same afternoon, he complained of a headache and was given medical treatment. Initially, the cause of action filed by Plaintiff included three other prison officials as Defendants. However, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, all defendants except for Sergeant Fugleberg were dismissed from the case on April 2, 2002, by Order of Magistrate Judge John M. Mason.

## II. STANDARD OF REVIEW

A court should afford a *pro se* litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). *Pro se* plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss, that is, "the complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting

---

[1]Sergeant Fugleberg is no longer employed at the Prairie Correctional Facility.

[2]Neither party explains what a "Code Red" is. Whatever it is, it appears to entail no additional force beyond that complained of. The only injury described by Plaintiff is the headache that resulted from Defendant hitting Plaintiff's head such that it struck the wall.

its conclusions").

In the case of a defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court is limited to considering the allegations of the complaint,[3] must take those allegations as true, and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986).

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Therefore, summary judgement is appropriate when the moving party establishes based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23. When considering a motion for summary judgement, a court should construe all evidence in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a

---

[3] Only facts alleged in a complaint and material attached to the complaint, which form part of the pleadings, are properly considered on a motion to dismiss. See County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997). There is evidence outside the four corners of the Complaint that we must consider in this matter, the Court will, therefore, treat the motion as one for summary judgment.

reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248.

Fed. R. Civ. P. 56(e) makes clear that once the moving party files a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. In sustaining that burden, an adverse party may not "rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 249-56 (noting that if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted); see also Fed. R. Civ. P 56(e). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. If the opposing party fails to carry their burden, summary judgment should be granted. See Celotex, 477 U.S. at 322; Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000).

## III. DISCUSSION

### A. Defendants' Motion for Summary Judgment on Exhaustion Grounds Should Be Granted.

With regard to many of the claims asserted in Plaintiff's Complaint, Defendant contends that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff has the burden of establishing the exhaustion of administrative remedies.

"Congress intended Section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in federal court.'" Alexander, 159 F.3d at 1324.

42 U.S.C. § 1997e(a) was enacted in 1996 as part of the PLRA. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This statute establishes, unequivocally, that prisoners must exhaust their available administrative remedies before pursuing a federal court action based on the conditions of confinement. See Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002), McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). See Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 1999 WL 424311 at *3 (7th Cir. 1999) (the exhaustion requirement established by § 1997e(a) "can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit").

The exhaustion requirement prescribed by § 1997e(a) does not apply to every prisoner action; it applies only to actions brought with respect to prison conditions under 42 U.S.C. § 1983 or other federal laws, by a prisoner confined in any jail, prison or other correctional facility. There seems to be no doubt or dispute, however, as to whether § 1997e(a) is applicable to the claims that Plaintiff is seeking to litigate here. He was (and still is) confined in a correctional facility. The caption of his Complaint explicitly states that he is seeking relief under 42 U.S.C. § 1983, or Bivens and he obviously is contending that Defendant should be held liable for violating his rights under federal law and/or the Constitution. It also is clear that his claims, which involve complaints about disciplinary procedures, visitation, telephone access to the courts and security classifications are "brought with respect to prison conditions." See Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir.) cert. denied, 119 S.Ct. 88 (1998) (applying § 1997e(a) where prisoner's claims included denial of access to the courts, and interference with legal mail, among others); Alexander v. Hawk, 159 F.3d 1321, 1322 (11th Cir. 1998). The Court concludes that § 1997e(a) is applicable to the claims that

Plaintiff is attempting to present here.

The Eighth Circuit Court of Appeals has identified at least four valuable objectives that are generally promoted by an exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency, (in this case the prison), might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies (and prison officials). Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. See Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits.

To satisfy the requirements of § 1997e(a), a prisoner "must allege . . . that [he] . . . exhausted all available . . . administrative remedies" and "should attach to his §1983 complaint the administrative decision, if it is available, showing the [final] administrative disposition of his complaint." Brown, 139 F.3d at 1104. In this case Plaintiff has included reference to the use of PCF's internal grievance procedure, by filing an inmate grievance and an appeal to the Warden that went unanswered. Defendant supplies evidence that although Plaintiff filed a timely grievance regarding the December 21, 2001 matter, he failed to complete the grievance procedure pursuant to PCF policy. Specifically, Plaintiff did not appeal the initial decision of the grievance officer, that was not in favor of the plaintiff. According to PCF policy, after a grievance officer makes a determination, an inmate has several means to appeal the determination at several additional levels. The Court concludes that Plaintiff did not complete the required procedure to exhaust all administrative remedies available to him.

The Court must consider whether Plaintiff should, for any reason, be excused from the exhaustion requirement of § 1997e(a). Plaintiff has provided no response to Defendant's claims of failure to exhaust, and no excuses for this failure are alleged in the Complaint. In viewing the evidence in the light most favorable to the non-moving party and based on the foregoing, it appears that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. As such, we will recommend that this claim be dismissed pursuant to Fed. R. Civ. P. 56(e).

**B. Alternatively, Summary Judgment Should Be Granted on the Merits.**

Plaintiff alleges that his Eighth Amendment right against cruel and unusual punishment were violated when Defendant caused his head to hit the wall. Plaintiff claims the force used was excessive. Defendant contends that in the circumstances caused by Plaintiff, he took only that action to restore order to the facility. The Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain or "are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Excessive force claims are evaluated under a Fourth Amendment reasonableness standard. Foster v. Metropolian Airports Commission, 914 F.2d 1076 (8th Cir. 1990), citing Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). Under this standard, the Court must determine whether, judging from the perspective of a reasonable officer at the scene of the arrest, the totality of the circumstances justified the amount of force used. Graham, 109 S.Ct. at 1872. Plaintiff has the burden of proving such unreasonableness. Johnson v. Peterson, 358 N.W.2d 484 (Minn.Ct.App. 1984). The Eighth Circuit has established additional guidelines for evaluation of excessive force claims:

In determining whether the constitutional line has been crossed a court must look to

> such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Dale v. Janklow, 828 F.2d 481, 484 (8th Cir. 1987), cert. den., 108 S.Ct. 1486 (1988), quoting Bauer v. Norris, 713 F.2d 408, 412 (8th Cir. 1983). Federal causes of action are established only when a police officer's conduct is "so egregious and reckless that it may be deemed a substantial denial of due process." Dale, 828 F.2d at 485. Only conduct that "shocks the conscience" is actionable. Davis v. Forrest, 768 F.2d 257, 258 (8th Cir. 1985). Officers are liable for the use of excessive force when they use force that is not objectively reasonable in light of the facts and circumstances confronting them. See Nelson v. County of Wright, 162 F.3d 986, 990 (8th Cir.1998) (quoting Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In reviewing whether a plaintiff has made the requisite showing, this Court will "pay close attention to the particular facts," including the severity of the suspected crime, whether the suspect posed an immediate threat to the officer or others, and whether the suspect was actively resisting arrest. See Foster v. Metropolitan Airports Com'n, 914 F.2d 1076, 1081 (8th Cir. 1990).

Plaintiff admits in the Complaint that Defendant repeatedly directed him to remove his hat and that he failed to comply. It seems reasonable under the circumstances that what Plaintiff describes is that Defendant was forced to take some action or have his authority as a correctional officer undermined. Plaintiff's final refusal occurred in the food service line in the midst of many other prisoners. Defendant was compelled to take action before the situation got out of hand and escalated into an unmanageable ordeal where many people could be hurt. Defendant requested Plaintiff to put his hands on the wall and Plaintiff continued to refuse. Defendant's initiation of the

"Code Red" procedure was a reasonable response to the situation to prevent escalation of the incident, and to ensure the safety of everyone in the area. Moreover, when Plaintiff complained that he had a headache following the incident, he was provided with medical attention. The Court concludes that Defendant's actions were not malicious or sadistic and Summary Judgment should be granted in favor of the Defendant.

## III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment [#27] should be **GRANTED with Prejudice**.

Dated: August 7, 2003

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1 (c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.